**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDWARD S. KINDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:14 CV 6502 |
| vs. ) | Hon. Marvin E. Aspen |
| ) | |
| FIFTH THIRD BANK and ) | |
| LYNN M. ZAK, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Edward Kindle ("Kindle"), a pro se litigant, filed his complaint against Fifth Third Bank and Lynn M. Zak ("Zak") on November 5, 2014. Plaintiff alleges that Defendants' denial of access to a restroom while at a Fifth Third Bank violated the Illinois Restroom Access Act, 410 ILCS 39/10, and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and gave rise to various state tort claims. (*See* Mot. to Amend Compl., Dkt. 9; Compl., Dkt. 13.)

Presently before us is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as well as Plaintiff's motion for counsel and motion to consider. For the reasons stated below, we grant Defendants' motion to dismiss and deny Plaintiff's motion for counsel and motion to consider.

### BACKGROUND

Plaintiff, a Fifth Third Bank customer, claims that he needed to use the restroom while at a Fifth Third Bank branch in Waukegan, Illinois on July 28, 2014. (Compl. at 5.) Plaintiff alleges that he asked a female bank teller for the location of the restroom and the teller directed him to Zak, another banker. (*Id*.) When Plaintiff asked Zak to use the restroom, Zak replied,

1

"There is no public washroom!" (*Id.*) Plaintiff explained his urgent need to use the restroom and asked Zak if he could use the employees' restroom. (*Id.*) Zak informed Plaintiff that the restroom was not for public use. (*Id.*) Plaintiff claims that he pleaded with Zak and asked if she was familiar with the Restroom Access Act. (*Id.*) Zak indicated that she was not familiar with that Act and directed Plaintiff to contact the bank's corporate office. (*Id.*) Plaintiff claims that while leaving the bank he soiled his clothing. (*Id.*)

Plaintiff claims pain and suffering, humiliation, alienation, and emotional distress as a result of Defendants' conduct. (Compl. at 4, ¶ 12.) He seeks damages to compensate for all bodily and emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage, and any other injuries. (*Id.*) Further, Plaintiff seeks punitive damages, injunctive and declaratory relief, and any other relief that may be appropriate, including attorney's fees and reasonable expenses. (*Id.*) Defendants move to dismiss Plaintiff's complaint, arguing that Plaintiff does not have standing to bring his ADA claim, and that his allegations under the ADA and the Illinois Restroom Act fail to state a claim. (*See* Mem., Dkt. 25.) They also argue that since Plaintiff does not state a viable federal claim, we do not have jurisdiction over the state claims alleged. (*Id.*)

**ANALYSIS**

After first finding that Plaintiff does have standing to bring his federal claims, we next determine that he has nonetheless failed to state a claim under Title III of the ADA. We then exercise supplemental jurisdiction to dismiss with prejudice Plaintiff's Illinois Restroom Act claim, and dismiss the remaining state claims for lack of subject matter jurisdiction.

**I.      Standing**

A plaintiff's standing is a prerequisite to our subject matter jurisdiction, thus we will address that argument first. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443

(7th Cir. 2009); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). When a defendant makes a facial challenge to a plaintiff's standing by attacking our subject matter jurisdiction on the four corners of the complaint, as Defendants do here, the plaintiff is held to the same standard he would be for a 12(b)(6) motion to dismiss. *Apex*, 572 F.3d at 443. The plaintiff "need only show the existence of facts that could, consistent with the complaint's allegations, establish standing." *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992) (finding that because standing is an indispensable part of the plaintiff's case, each element must be supported with the same manner and degree of evidence required at that successive stage of the litigation). In evaluating our subject matter jurisdiction, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Apex*, 572 F.3d at 443; *Otero v. Dart*, 12 C 3148, 2012 WL 5077727, at *1 (N.D. Ill. Oct. 18, 2012).

The Supreme Court has held that a plaintiff must meet three key requirements to establish standing: the plaintiff must show (1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability. *Lujan*, 504 U.S. at 560–61, 112 S. Ct. 2130. The party invoking federal jurisdiction bears the burden of establishing these elements. *Id*.

Defendants argue that Plaintiff has not alleged an injury in fact. Thus, the primary question before us is whether Plaintiff suffered a sufficiently "concrete and particularized" and "actual or imminent" injury. Plaintiff alleges that Defendants' denial of access to the bathroom caused him to soil himself in public, resulting in pain and suffering, humiliation, alienation, and emotional distress. These alleged injuries are specific to Plaintiff and are sufficient to establish injury in fact as to past harms.

Under Title III, however, private parties may seek only prospective injunctive relief, not monetary damages for past harms. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013); *Ruffin v. Rockford Mem'l Hosp.*, 181 F. App'x 582, 585 (7th Cir. 2006); *see* 42 U.S.C. § 12188(a)(2). "To establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights." *Scherr*, 703 F.3d at 1074 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Plaintiff alleges that he is a customer of Fifth Third Bank. (Resp. at 1, Dkt. 30.) As a customer, it is possible and perhaps likely that he might return to the bank in the future, creating a real threat of future violations of his rights under the ADA. Drawing all reasonable inferences in favor of Plaintiff, who is proceeding pro se, we determine that he satisfied the injury in fact requirement for prospective injunctive relief. *Scherr*, 703 F.3d at 1074. Accordingly, we find that Plaintiff does have standing to bring his ADA claim.

## II.     Plaintiff's ADA Claim

Next, we consider Defendants' argument that Plaintiff fails to state a claim under Title III of the ADA.[1]  A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[1] Plaintiff clearly stated in his motion to amend the complaint that he seeks relief under Title III of the ADA. (Mot. to Amend Comp.) On August 19, 2015, he filed a "Motion to Consider," apparently asking us to also consider his claims under "Section 504" and "Section 508." (Mot. to Consider, Dkt. 40.) We infer that Plaintiff is pointing to Section 504 of Title II of the ADA, 42 U.S.C. § 12132, and Section 508 of the Rehabilitation Act, 29 U.S.C. § 794(d). Both of these sections apply only to public entities, not private institutions like Fifth Third Bank. Since they are not applicable to Plaintiff's claims we deny the motion to consider.

4

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964–65; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

In addition, a pro se complaint must be construed liberally, and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Nonetheless, procedural rules limit the latitude afforded to even a pro se litigant. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998); *Thompson v. Jones*, 11 C 1288, 2012 WL 3686749, at *3 (N.D. Ill. Aug. 24, 2013).

Title III of the ADA prohibits disability discrimination in "place[s] of public accommodation." *Scherr*, 703 F.3d at 1076; *Olinger v. U.S. Golf Ass'n.*, 205 F.3d 1001, 1004 (7th Cir. 2000); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 661, 121 S. Ct. 1879, 1882 (2001). Defendant argues that the bathroom at Fifth Third Bank is available to only employees, thus it is not a place of public accommodation under the Title III. (Mem. at 5–6.) Under the

5

implementing regulations, a "place of public accommodation" is defined as "a facility, operated by a private entity, whose operations affect commerce and fall within at least one" of the enumerated categories set forth in the regulation and statute. 28 C.F.R. § 36.104; *see* 42 U.S.C. § 12181(7)(F). Fifth Third Bank's business certainly affects commerce and banks are explicitly included in the categories of businesses covered by the statute. *See* 42 U.S.C § 12181(7)(F). Thus, although Fifth Third Bank is a private entity, it is considered a place of public accommodation for the purposes of Title III.

Notwithstanding, places of public accommodation may close certain parts of the facility from the public. In such "mixed-use" facilities, where only part of the facility is open to the public, the portion that is closed to the public is not a place of public accommodation and thus is not subject to Title III of the ADA. *Olinger v. U.S. Golf Ass'n*, 205 F.3d 1001, 1004 (7th Cir. 2000), *vacated on other grounds*, 532 U.S. 1064, 121 S. Ct. 2212 (2001)); *see* 28 C.F.R. pt. 36, App. C. Although Fifth Third Bank is a place of public accommodation, its employees-only restroom is not. *See Doran* v. *7-Eleven, Inc*., 524 F.3d 1034, 1048 (9th Cir. 2008) (finding employee-only restroom was not a place of public accommodation under the ADA); *Louie v. Ideal Cleaners*, 99 C 1557, 1999 WL 1269191, at *1 (N.D. Cal. Dec. 14, 1999) (same). Since Fifth Third Bank's employees-only restroom is not a place of public accommodation, Title III of the ADA does not apply to Plaintiff's claim. Accordingly, we grant Defendant's motion to dismiss Plaintiff's ADA claim.

### III.   Plaintiff's State Claims

Having dismissed Plaintiff's federal claim we must decide whether to retain supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has

dismissed all claims over which it has original jurisdiction[.]"). As a general rule, "when all federal law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994); *Williams v. Roderiguez*, 509 F.3d 392, 404 (7th Cir. 2007). The Seventh Circuit has recognized exceptions to the general rule, however. *Wright*, 29 F.3d at 1251–52. Relevant here, when it is clear how the state claims should be decided, judicial economy and convenience weigh in favor of retaining jurisdiction and ruling on the pendent claims. *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994); *see also Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). A federal district court may decide a state claim rather than return "doomed litigation" to state court that will only be dismissed once it arrives in there. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 502 (7th Cir. 1999). Plaintiff's pendent state claim under the Illinois Restrooms Access Act falls into this category, so we will retain jurisdiction and address it. We will not, however, exercise supplemental jurisdiction over his state tort claims.

Plaintiff's claim under the Illinois Restrooms Access Act fails as a matter of law because the Act does not allow private citizens to seek relief for violations under the Act. A violation of the Act merely constitutes a petty or criminal offense punishable by a fine capped at $100. 410 ILCS § 39/20. In addition, the "Liability," section of the Act grants limited tort-immunity to retail establishments and their employees when a person is injured or killed while using the establishment's restroom. *See* 410 ILCS § 39/15. It does not provide a private right of civil action. Since Plaintiff, a private citizen, is not entitled to sue Fifth Third Bank under the Illinois Restroom Access Act, his claim fails as a matter of law and is dismissed with prejudice.

Turning to Plaintiff's state tort claims, (*see* Compl. at 6 ¶ 14), these claims do not clearly fall under any of the exceptions to the general rule discussed above. *See Wright*, 29 F.3d at

1252. Thus, we decline to exercise supplemental jurisdiction and dismiss Plaintiff's state tort claims for lack of jurisdiction.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to consider is denied.

Defendant's motion to dismiss is granted. Accordingly, Plaintiff's ADA and Illinois Restrooms Access Act claims are dismissed with prejudice, and his remaining state tort claims are dismissed without prejudice for lack of jurisdiction.

Finally, Plaintiff's motion for counsel is denied as moot.

It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: September 1, 2015
       Chicago, Illinois